UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DOMTAR CORPORATION,                                )<br>                                                                  )<br>                Plaintiff,                          )<br>                                                                  )<br>       v.                                                   )<br>                                                                  )<br>UNITED STATES,                                           )<br>                                                                  )<br>                Defendant.                       )<br>                                                                  ) | Court No. 24-00113 |

# COMPLAINT

Plaintiff Domtar Corporation ("Domtar") brings this action to contest the final results of the antidumping administrative review issued by the International Trade Administration, United States Department of Commerce (the "Department"), entitled *Thermal Paper From the Federal Republic of Germany: Final Results of Antidumping Duty Administrative Review; 2021–2022*, 89 Fed. Reg. 47517 (Dep't Commerce June 3, 2024) (the "*Contested Determination*"). By and through counsel, Plaintiff alleges the following:

## JURISDICTION

1. Plaintiff brings this action pursuant to section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(I), to review certain aspects of the *Contested Determination*, which was issued pursuant to 19 U.S.C. § 1675(a) and is described in section 516A(a)(2)(B)(iii) of the Act, 19 U.S.C. § 1516a(a)(2)(B)(iii).

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING OF PLAINTIFF

3. Plaintiff is a U.S. producer of the domestic like product under 19 U.S.C. § 1677(10) and is an "interested party" under 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C). Plaintiff actively participated as a petitioner in the antidumping duty administrative review that gave rise to the *Contested Determination*. Plaintiff, therefore, is an interested party who was party to the proceeding in connection with the *Contested Determination* within the meaning of 19 U.S.C. § 1516a(a)(2)(A).

4. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. The Department published the *Contested Determination* in the Federal Register on June 3, 2024. *Thermal Paper From Germany: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 86 Fed. Reg. 54152 (Dep't Commerce September 30, 2021).

6. On July 2, 2024, Plaintiff initiated this action in accordance with sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii), by the filing of a summons within 30 days after publication in the Federal Register of the antidumping order based upon the *Contested Determination*.

7. Plaintiff files this Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

8. Prior to the 2021 antidumping duty order under review in the *Contested Determination*, thermal paper from Germany had been subject to a 2008 antidumping duty order that was ultimately revoked in 2015. *See Lightweight Thermal Paper From the People's Republic of China and Germany: Continuation of the Antidumping and Countervailing Duty Orders on the People's Republic of China, Revocation of the Antidumping Duty Order on Germany*, 80 Fed. Reg. 5083 (Dep't Commerce January 30, 2015) (the "*2008 Order*").

9. In November 2021, a new antidumping duty order was imposed on imports of thermal paper from Germany. *Thermal Paper From Germany, Japan, the Republic of Korea, and Spain: Antidumping Duty Orders*, 86 Fed. Reg. 66284 (Dep't Commerce November 22, 2021). The first administrative review of that new order was initiated on January 3, 2023. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 50 (Dep't Commerce January 3, 2023). This administrative review examined subject entries exported by Koehler Paper SE and Koehler Kehl GmbH (collectively, "Koehler") during May 12, 2021 through October 31, 20222. *Id*.

10. Koehler is the same exporter that refused to pay roughly $200 million of antidumping duties owed on thermal paper entries under the *2008 Order*. That liability is the subject of a separate collections case pending before this Court in *United States v. Koehler et al*, Court No. 24-00014. Relevant here, interest continued to accrue on such liabilities during the 2021-2022 review that is the subject of this appeal. In the *Contested Determination*, the Department captured these interest expenses within Koehler's financial interest expense ratio, *i.e.*, a component of the cost of production ("COP"). *See Decision Memorandum for the Final Results* (May 24, 2024) at Comment 2.

11. The Department found that Koehler was dumping at a rate of 0.76 percent during the May 12, 2021 – October 31, 20222 review period. *Contested Determination,* 89 Fed. Reg. at 47518.

12. In this action, Plaintiff contests certain aspects of the antidumping margin calculations with respect to Koehler.

## STATEMENT OF THE ISSUES

13. In the following respects and for other reasons apparent from the record of the proceeding, the *Contested Determination* is unsupported by substantial evidence on the record or is otherwise not in accordance with law. *See* U.S.C. § 1516a(b)(1)(B)(i).

## COUNT I
## INTEREST ON UNPAID ANTIDUMPING DUTIES

14. Paragraphs 1 through 13, above, are realleged and reincorporated herein.

15. The interest accruing on Koehler's unpaid antidumping duty liability should have been treated as a selling expense that reduced constructed export price ("CEP") rather than as an increase to COP, because the expenses were associated with commercial activities in the United States. *See* 19 U.S.C. § 1677a(d)(1)(D) and 19 C.F.R. § 351.402(b). Commerce's failure to reduce CEP by the amount of interest accruing on antidumping duties is unsupported by substantial evidence on the record and is otherwise not in accordance with law.

16. The applicable regulations provide that Commerce will adjust CEP "for expenses associated with commercial activities in the United States that relate to the sale to an unaffiliated purchaser, no matter where or when paid." 19 C.F.R. § 351.402(b). Here, Koehler's $200 million antidumping duty liability clearly was "associated with commercial activities in the United States" and related to thermal paper sales to unaffiliated purchasers. Any penalties or

interest incurred during the instant review period on such underlying liabilities should similarly have been deemed to relate to the same U.S. economic activities, and thus, they should have been treated as price adjustments rather than as cost components.

17. In the *Contested Determination*, the Department refused to treat the interest expenses at issue as selling expenses, because the underlying liability arose from thermal paper imports subject to the *2008 Order* rather than the current 2021 order. *Decision Memorandum for the Final Results* (May 24, 2024) at Comment 2. The Department did not explain, however, why this purported distinction was dispositive under the applicable statute and regulation. Moreover, the Department's apparent interpretation is unreasonable, particularly in view of the facts that (1) both the 2008 and 2021 orders covered the same merchandise, *i.e.*, thermal paper, and (2) there is no disconnect between the interest accruing during the May 12, 2021 through October 31, 2022 period of review and Koehler's CEP sales during that same period. The Department's failure to treat the interest as selling expenses to be deducted from CEP is unsupported by substantial evidence on the record and is otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

18. Paragraphs 1 - 17 are incorporated herein by reference.

19. For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

    (a) enter judgment in its favor;

    (b) declare that, with respect to the issues raised in this Complaint, the *Contested Determination* is unsupported by substantial evidence on the record and is otherwise not in accordance with law;

   (c) remand the matter to the Department for redetermination consistent with the Court's opinion; and

   (d) provide such other relief as the Court deems just and proper.

           Respectfully submitted,

<u>August 1, 2024</u>       <u>/s/ *Stephen J. Orava*</u>
  Date         Stephen J. Orava
            SOrava@KSLAW.com

            Daniel L. Schneiderman
            DSchneiderman@KSLAW.com

            King & Spalding LLP
            1700 Pennsylvania Avenue, NW
            Washington, DC  20006-4706
            (202) 737-0500

            Counsel for Plaintiff

**CERTIFICATION OF SERVICE**

*Domtar Corporation v. United States*
Court No. 24-cv-00113

      This is to certify that on August 1, 2024 I have caused a copy of the foregoing **COMPLAINT** to be served upon the following parties via certified mail, return receipt requested, at the following addresses:

Emma Eaton Bond
**U.S. Department of Justice**
Commercial Litigation Branch - Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Leslie Kiernan
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, N.W.
Room 5875
Washington, DC 20230

Robert Heilferty, Chief Counsel
Office of the Chief Counsel for Trade
Enforcement & Compliance
**U.S. Department of Commerce**
1401 Constitution Avenue, NW.
Washington, DC 20230-0001

Thomas Trendl, Esq.
**Steptoe LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

R. Will Planert, Esq.
**Morris, Manning & Martin, LLP**
1401 I Street, NW
Suite 600
Washington, DC 20005

 

*/s/ Stephen J. Orava*
Stephen J. Orava
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

49232990v10